Monica GANT, Plaintiff

v.

Chander KANT, et al., Defendants

No. RWT–03–2803.

United States District Court,
D. Maryland.

April 22, 2004.

Christopher C.S. Manning, Christopher C.S. Manning Attorney at Law, Washington, DC, David C. Driscoll, Jr., Gregory E. Flynn, Stein Sperling Bennett De Jong Driscoll and Greenfeig PC, Rockville, MD, for Plaintiff.

Chander Kant, Short Hills, NJ, Pro Se.

Jay L. Cohen, Jay L. Cohen PC, Chevy Chase, MD, for Defendant and Counter Claimant.

Ashima Kant, Short Hills, NJ, Pro Se.

## *MEMORANDUM OPINION*

TITUS, District Judge.

Plaintiff, Monica Gant, seeks specific performance (Count I) and alleges breach of contract (Count II) for Defendants', Chander Kant's and Ashima Kant's, failure to complete settlement and deliver marketable title with respect to a property located at 4002 Norbeck Square, Rockville, Maryland 20853. Compl. ¶¶ 31–34 and 41. This action, originally filed in the Circuit Court for Montgomery County on or about July 25, 2003, was removed to this Court on October 2, 2003.

On October 20, 2003, an Answer to the Complaint was purportedly filed, *pro se,* on behalf of Defendants Chander Kant and Ashima Kant asserting a counterclaim and requesting a trial by jury. *See* Paper No. 11. The Answer was signed by Chander Kant, but not by Ashima Kant. The Answer asserts, as an affirmative defense, "lack of jurisdiction over the person of defendant Ashima Kant by reason of insufficiency of process and insufficiency of service of process." That same day, Ashima Kant signed and filed a separate paper headed "Statement About Service," asserting that she had not been served. *See* Paper No. 10.

In response to correspondence from Counsel on the issue of whether Ashima Kant was a proper party, this Court en-

tered an order on March 18, 2004, striking the Answer and Counterclaim, purportedly filed on behalf of Ashima Kant, but not signed by her. *See* Paper No. 54. In that order, the Court also concluded that it would treat Ashima Kant's "Statement About Service" as a Motion to Dismiss for Insufficiency of Process and Insufficiency of Service of Process. *Id.* In her opposition, Plaintiff maintains that Ashima Kant is a proper party as she was served "(a) via facsimile to her facsimile number; [and] (b) by certified mail, return receipt requested, restricted delivery." Pl.'s Opp. at 1. The issue has been fully briefed and no hearing is deemed necessary. Local Rule 105.6. For the reasons that follow, the motion will be granted.

### Discussion

Maryland Rule 2–121 provides three alternative methods for effecting service of process on an individual: (1) by delivering to the person to be served a copy of the summons, complaint, and all other papers filed with the complaint; (2) by leaving a copy of the summons, complaint, and all other papers filed with the complaint at the individual's dwelling house or usual place of abode with a resident of suitable age and discretion; or (3) by mailing to the person to be served a copy of the summons, complaint, and all other papers filed with the complaint by certified mail requesting restricted delivery and showing to whom, date and address of delivery. *See* Md. Rule 2–121(a).

The Court quickly disposes of Plaintiff's claim that she served Ashima Kant via facsimile. Maryland Rule 2–121 is clear and unambiguous as to the manner for effecting service of process; it does not provide for service by facsimile. *Cf. Blundon v. Taylor,* 364 Md. 1, 770 A.2d 658 (2001) (discussing the filing of pleadings or papers via facsimile).

Plaintiff's argument that she served Ashima Kant via certified mail also fails. Maryland Rule 2–124 provides that "[s]ervice is made upon an individual by serving the individual or an agent authorized by appointment or by law to receive service of process for the individual." Md. Rule 2–124; *see also* Md. Code Ann., Cts. & Jud. Proc. § 6–312(c). On August 27, 2003, Plaintiff sent by certified mail, return receipt requested, restricted delivery, a copy of the Complaint, exhibits and writ of summons issued by the Circuit Court for Montgomery County. The mailing was addressed jointly to "Chander and Ashima Kant" at 19 Birchwood Drive, Milburn, New Jersey 07041. Plaintiff does not assert that Chander Kant was an "agent authorized by appointment or law to receive service of process for" Ashima Kant. In a case where there are two defendants, a mailing addressed to them jointly at their place of residence does not comply with the means of service provided by statute or rule for obtaining jurisdiction over an individual defendant. Such service would be effective only as to the defendant signing the return receipt, here Chander Kant. Each defendant, whether there be one or many, and whether they be members of the same family or strangers, must be served as provided by statute or rule.

Though Ashima Kant has disputed service since October 20, 2003, the subsequent filing of an unsigned Answer and a Counterclaim, purportedly on her behalf, apparently caused Plaintiff to treat her as a served party. *See supra* n. 1. In accordance with Fed.R.Civ.P. 4(m), the Court will direct the issuance of a federal summons and permit Plaintiff an additional one-hundred-twenty (120) days to effect service on Ashima Kant. Within such time, once service is made, Plaintiff is to promptly file proof of service.[1]

---

1. The issue of insufficiency of service has been asserted since early in this case. How-

While the Court will grant the Motion to Dismiss for Insufficiency of Service of Process as to Ashima Kant, it wishes to remind the parties that Fed.R.Civ.P. 11(b)(1) provides that a party filing a pleading, motion or other paper with this Court certifies that it is not being presented to "cause unnecessary delay," and that violations of that rule can result in an award of sanctions. Service of process undoubtedly will be effectuated in the immediate future, and the parties need to move forward promptly to resolve the issues between them without further delay. It seems fairly obvious that Ashima Kant is aware of these proceedings, but the fact remains that she simply has not been served in a manner that complies with either Maryland or federal law.

For the reasons noted above, the Court reluctantly grants Ashima Kant's Motion to Dismiss for Insufficiency of Process and Insufficiency of Service of Process. A separate order will be entered in accordance with this Memorandum Opinion.

### ORDER

Having considered Defendant Ashima Kant's Motion to Dismiss for Insufficiency of Process and Insufficiency of Service of Process [Paper No. 10], Plaintiff's opposition thereto, Defendant's reply, and for the reasons stated in the Memorandum Opinion filed in conjunction with this Order, it is this 22nd day of April, 2004, by the United States District Court for the District of Maryland,

**ORDERED**, that Defendant's Motion to Dismiss for Insufficiency of Process and

Insufficiency of Service of Process [Paper No. 10] is **GRANTED**; it is further

**ORDERED**, that the Clerk of the Court is directed to issue a summons as to Ashima Kant and furnish it to Plaintiff's counsel for service; and it is further

**ORDERED**, that the Court will permit the Plaintiff an additional one-hundred-twenty (120) days to serve Ashima Kant.

---

ever, it was only at the request of the Court that Plaintiff filed her purported proof of service, something that Maryland Rule 2–126 required be done almost six months ago.

It is unfortunate that Plaintiff did not avail herself of the ability to serve Ashima Kant under the provisions of Maryland Rule 2–121(2) by merely leaving a copy of the sum-

mons and complaint at the Defendant's dwelling house with a resident of suitable age and discretion, and promptly filing proof of service. Instead, she persisted in treating her as served, although she had not, and failing to file proof of service in a timely manner as required by the Maryland Rules.